IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| FREDDIE JONES, et al., | : | |
| Plaintiffs, | : | Case Nos. 3:15cv00277 (Lead Case) 3:15cv00397 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| PRAXAIR, INC., et al., | : | Chief Magistrate Judge Sharon L. Ovington |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

**I.  Introduction**

The central event in this case was a rear-end collision on Interstate 75 involving two trucks, or legalistically, two commercial motor vehicles. The collision allegedly caused Plaintiffs serious and permanent injuries.

At the time of the collision, Plaintiff Freddie Jones, Jr. was driving one truck in which Plaintiff Donnell C. Holmes, Sr. was a passenger; Defendant Anthony W. Crossley drove the other truck. Defendant Praxair, Inc. allegedly "employed or engaged" Defendant Crossley as a commercial motor vehicle driver. (Doc. #1, *PageID#* 2).

Plaintiffs raise four claims raised in their complaint including claims of negligence and negligence per se against Defendant Praxair (Second Claim) and a claim for punitive

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

damages against Defendants Praxair and Crossley (Fourth Claim).² Defendants seek dismissal of these Claims against Praxair by way of their Motion Pursuant To Rule 12(b) And 12(f) To Dismiss The Complaint In Part And To Strike In Part Certain Paragraphs Therefrom (Doc. #6). Defendants' Motion to Dismiss and the parties' related memoranda are presently before the Court (Doc. #s 10, 12, 22, 26), along with the record as a whole.

Defendants do not seek dismissal of Plaintiff's negligence claim against Defendant Crossley (First Claim). (Doc. #6, *PageID#* 33). They also do not seek dismissal of their claim against Praxair based on respondeat superior (Third Claim). *Id*. As a result, if Defendants' Motion to Dismiss is well taken, Plaintiffs' Third Claim will remain pending against Praxair.

**II.     Discussion**

**A.      Notice Pleading, Rule 12(b)(6), and Plausibility**

Defendants contend that Plaintiffs' Second and Fourth Claims must be dismissed under Fed. R. Civ. P. 12(b)(6) because they fail to state plausible claims under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs contend that their Second Claim alleging direct negligence against Defendant Praxair provides sufficient notice and is plausible. Plaintiffs do not oppose dismissal without prejudice of their claim for punitive damages (Claim Four).

Notice pleading is alive in the United States Courts; the "hypertechnical code

---

² Defendant Praxair is also a third-party Plaintiff by way of its claims against a third Defendant, Risinger Bros. Transfer, Inc. Praxair's claims against Defendant Risinger are not presently at issue.

pleading regime of a prior era ...," *Iqbal*, 556 U.S. at 678, is not.  Notice pleading rests on the foundational requirement that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests ....'"  *Twombly*, 550 U.S. at 555 (quoting, respectively, Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "The pleading standard ... does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed me accusation."  *Iqbal*, 556 U.S. at 678 (quoting, in part, *Twombly*, 550 U.S. at 555).

A complaint survives a Rule 12(b)(6) motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting, in part, *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"  *Iqbal*, 556 U.S. at 678.  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

"Determining whether a complaint states a plausible claim for relief will ... be a

3

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). Indeed, "[t]he plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013)(citing *Iqbal*, 556 U.S. at 682)).

**B.     Plaintiff's Second Claim**

Defendants contend that Plaintiffs do not raise plausible independent negligence and negligence per se claims against Praxair because the complaint asserts only sparse allegations in support of these claims. Defendants maintain that the complaint fails to provide Praxair with fair notice of the factual grounds for its independent negligence claims, and "Defendant Praxair is at a loss to understand what supposed wrongful acts and/or omissions Plaintiffs deem actionable tortious conduct." (Doc. #6, *PageID* #33). Defendants further argue that the complaint falls short of pleading plausible claims under theories of direct-negligence liability – namely, negligent entrustment and negligent hiring, supervision, or retention.

Liberally construing the complaint in Plaintiff's favor, *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007), and accepting its factual allegations as true reveals that around 2:30 a.m. on November 4, 2013, Plaintiff Jones was driving a Peterbilt tractor semi-trailer with its flashers activated in the right lane northbound on Interstate 75. At the same time, Defendant Crossley was driving a Praxair semi-tanker carrying liquid nitrogen. The Praxair tractor

4

semi-tanker driven by Defendant Crossley crashed "with great force into the rear" of the tractor semi-trailer driven by Plaintiff Jones.  (Doc. #1, PageID #2).  "Upon impact, the Praxair tractor semi-tanker left the roadway, rolled over, and caught fire." *Id*. at 3.  It is reasonable to infer from these facts that Defendant Crossley was speeding and failing to maintain assured clear distance ahead in violation of Ohio law.  These violations and the severity of the crash speak to Defendant Crossley's potential negligence per se. *See Wheeler v. Estes Exp. Line*, 53 F.Supp.3d 1032, 1039 (N.D. Ohio 2014) (quoting *Pond v. Leslein*, 72 Ohio St.3d 50, 53 (1995) ("Violation of the assured clear distance ahead statute constitutes negligence per se.").  More significantly for present purposes, this is part of the context in which Plaintiff's negligence claims against Praxair must be considered.

      Considering Plaintiffs' claims in context reveals that the Complaint contains short and plain statements of their negligence and negligence per se claims against Praxair.  This occurs because the Complaint asserts sufficient factual allegations to give Praxair fair notice of what Plaintiffs' negligence and negligence per se claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555.  When accepting Plaintiff's allegations as true and liberally construing the Complaint in their favor, the entire context of Plaintiff's claims is straightforward.  It concerns a rear-end collision at 2:30 a.m. between one truck driven unlawfully by Defendant Crossley and another truck driven lawfully (flashers activated) by Plaintiff Jones.  Defendant Crossley was an allegedly incompetent or unfit commercial truck driver – a fact reasonably inferred from his incompetent and unlawful driving, which

5

proximately caused the crash, and seriously and permanently injured Plaintiffs. The Complaint further alleges that despite knowing Defendant Crossley was an incompetent or unlawful driver, Praxair employed or engaged him to drive the truck that caused the crash. Specifically, Plaintiffs allege,"Defendant Praxair knew or should have known that Defendant Crossley was not competent or fit to operate its commercial motor vehicle." (Doc. #6, *PageID#* 6).

Why does plausibility, rather than mere possibility, arise then? Because the obvious alternative lawful explanation for Praxair's conduct is not any stronger or any more likely than Plaintiffs' explanation. The obvious alternative explanation to Plaintiffs' allegations regarding Praxair is that it had no reason to believe Defendant Crossley was not a competent or fit commercial truck operator. Rather than being a stronger explanation, this alternative lawful explanation is no more likely than Plaintiffs' theory of liability – the two compete equally for the light of day. Because Plaintiffs are entitled to the truth of their allegations and a liberal construction of the complaint in their favor, *Logsdon*, 492 F.3d at 340, their plausible negligence and negligence per se claims against Defendant Praxair prevail at the pleadings stage.

The reasoning in both *Iqbal* and *Twombly* bear this out. Although both cases found the plaintiffs' claims implausible, the Supreme Court in each case identified a specific alternative lawful explanation for the events at issue that rendered the claims implausible. *See Iqbal*, 556 U.S. at 682; *Twombly*, 550 U.S. at 564-69. This key feature of *Iqbal* and

*Twombly* does not arise in the present case because the obvious alternative explanation is no more likely than Plaintiffs' allegations and Second Claim against Praxair.  In this situation, Plaintiffs' entitlement to the truth of their allegations and a liberal construction of their complaint reveals the plausibility of their independent negligence claims against Defendant Praxair.

      Defendants contends that Plaintiffs raise nothing more than "'conclusions' and/or 'formulaic recitation' of their of their negligent entrustment/hiring/supervision/retention claims." (Doc. #12, *PageID*# 193)(citations omitted).  Defendants argue that Plaintiffs have resorted to making "wholly-generalized blunderbuss allegations ... by claiming that they are incapable of obtaining a factual basis for any liability theory against Praxair, other than *respondeat superior*." *Id*. at 194.  Defendants, however, overlook or minimize the fact that pertinent evidence and information about what Praxair knew or should have known is in Praxair's possession and control.  This includes, for example, information about Defendant Crossley's driving record, training, and experience, plus information about how many days and hours Defendant Praxair required him to drive, and how long he had been driving at the time of the 2:30 a.m. crash.  Defendants contend that Plaintiffs cannot unlock the door to discovery due to the complaint's failure to raise a plausible negligence claim against Defendant Praxair.  This argument is drawn from the concern identified in *Iqbal* that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

more than conclusions." 556 U.S. at 678-79. In the present case, however, the facts raised in the complaint plus the lack of an obvious alternative lawful explanation that is stronger than Plaintiffs' theory of liability leaves their negligence claims against Praxair plausible and, therefore, open the door to discovery.

Defendants also raise arguments concerning the high cost of discovery for Defendant Praxair, and the recent amendments to the discovery rule regarding proportionality. Yet, these arguments should be raised in informal discovery discussions between the parties, and – if needed – during an informal discovery telephone conference with the court, and – if still needed – in discovery motions. And, to the extent Defendants are correct about the need for proportionality in discovery, the possibility that proportionality, in some cases, will lead to a reduced range of discovery tends to work against their present concern over the possibility of discovery abuse. Again, however, specific issues regarding proportionality and potential discovery abuse are more properly the subject of discovery discussions, conferences, and motions.

Accordingly, Defendants' Motion to Dismiss Plaintiff's Second Claim lacks merit.

C. **Remaining Issues**

Defendants seek dismissal of Plaintiff's claim for punitive damages (Fourth Claim). Plaintiffs do not oppose dismissal of this claim without prejudice. They note, however, that they should be permitted to amend the Complaint if discovery reveals facts to support punitive damages.

8

Dismissal of Plaintiff's Fourth Claim for punitive damages is warranted because punitive damages are a remedy not a cause of action. *See Shoup v. Doyle*, 974 F. Supp.2d 1058, 1086-87 (S.D. Ohio 2013) (Rice, J.). In the event facts arise during discovery that support a decision to seek punitive damages, "punitive damages should not be pled as a free-standing cause of action, but as a remedy for ... claims." *Id*.

Defendants seek an Order striking paragraphs six, seven, and nine of the complaint under Fed. R. Civ. P. 12(f). Plaintiffs do not oppose removal of paragraphs six and seven, but do oppose the removal of paragraph nine.

Rule 12(f) allows striking from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are viewed with disfavor and are not frequently granted. The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

Paragraph nine of Plaintiffs' complaint alleges that Defendant Praxair has a fleet of commercial motor vehicles consisting of about 625 tractors, 746 commercial vehicle drivers, "and its trucks traveled 44,880,071 mile in 2014." (Doc. #1, *PageID#* 2). It is certain that these allegations are not redundant, impertinent, or scandolous in light of the plain meaning of these words. These allegations are not immaterial because, if true, they add some perspective about the scope of Defendant Praxair's business and its status as an employer of

9

commercial truck drivers, allegedly like Defendant Crossley. These matters are neither immaterial nor spurious and, given the disfavored view of motions to strike, paragraph nine should not be stricken.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion Pursuant To Rule 12(b) To Dismiss The Complaint In Part (Doc. #6) be granted, in part, and Plaintiffs' Fourth Claim be dismissed without prejudice subject to renewal, if warranted, as the remedy of punitive damages;

2. Defendants' Motion Pursuant To Rule 12(b) To Dismiss The Complaint In Part (Doc. #6) be otherwise denied; and

3. Defendants' Motion Pursuant To Rule 12(f) To Strike In Part Certain Paragraphs Therefrom (Doc. #6) be granted as to paragraphs six and seven of the complaint, and be otherwise denied.

March 7, 2016

                                                         s/Sharon L. Ovington
                                                         Sharon L. Ovington
                                       Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).