IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FREDDIE JONES, JR., *et al.*,      :

         Plaintiffs,

                         Case No. 3:15-cv-277

     v.                    :

                         JUDGE WALTER H. RICE

PRAXAIR, INC., *et al.*,

         Defendants.      :

---

DECISION AND ENTRY SUSTAINING DEFENDANTS PRAXAIR, INC.'S
AND ANTHONY W. CROSSLEY'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #28);
ADOPTING IN PART AND REJECTING IN PART UNITED STATES
CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS
(DOC. #27); SUSTAINING MOTION OF DEFENDANTS PRAXAIR, INC.
AND ANTHONY W. CROSSLEY PURSUANT TO RULES 12(b) AND
12(f) TO DISMISS THE COMPLAINT IN PART AND TO STRIKE
CERTAIN PARAGRAPHS THEREFROM (DOC. #6)

---

Plaintiffs Freddie Jones, Jr., and Donnell C. Holmes, Sr., filed suit against

Praxair, Inc., and Anthony W. Crossley, a Praxair employee.  Plaintiffs sustained

serious and permanent injuries after a tractor semi-tanker driven by Crossley

crashed into the back of Plaintiffs' tractor semi-trailer on Interstate 75.  This

Court's jurisdiction is based on 28 U.S.C. § 1332.  Plaintiffs asserted claims of

negligence and negligence *per se* against Crossley and Praxair (Claims One and

Two).  They also asserted a claim of *respondeat superior* liability against Praxair

(Claim Three), and sought punitive damages against both Defendants (Claim Four).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants moved to dismiss the claims of negligence and negligence *per se* against Praxair (Claim Two), and the punitive damages claim against both Defendants (Claim Four).  Pursuant to Federal Rule of Civil Procedure 12(f), they also moved to strike paragraphs 6, 7 and 9 from the Complaint.

Plaintiffs concede that the punitive damages claim should be dismissed without prejudice to renewal should discovery reveal facts sufficient to support such a claim.  They also concede that paragraphs 6 and 7 may be stricken from the Complaint.  Plaintiffs, however, object to the motion to dismiss Claim Two against Praxair, and to strike paragraph 9 from the Complaint.

On March 7, 2016, United States Chief Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, Doc. #27, in which she recommended that: (1) Defendants' motion to dismiss Claim Two be overruled; (2) Defendants' unopposed motion to dismiss Claim Four be sustained, and that the claim for punitive damages be dismissed without prejudice subject to renewal, if warranted, as a remedy; (3) Defendants' unopposed motion to strike paragraphs 6 and 7 from the Complaint be sustained; and (4) Defendants' motion to strike paragraph 9 from the Complaint be overruled.

This matter is currently before the Court on Defendants Praxair, Inc.'s and Anthony W. Crossley's Objections to Magistrate's Report and Recommendations, Doc. #28.  They have objected to her recommendations concerning the dismissal of Count Two, and the striking of paragraph 9 of the Complaint.  Pursuant to

Federal Rule of Civil Procedure 72(b)(3), and 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* those portions of the Report and Recommendations. For the reasons set forth below, the Court sustains Defendants' Objections.

## I.    Dismissal of Claim Two

Claim Two of the Complaint alleges that Defendant Praxair was negligent in that it: (1) "knew or should have known that Defendant Crossley was not competent or fit to operate its commercial motor vehicle"; (2) "failed to use ordinary care in the maintenance and repair of its commercial motor vehicle driven by Crossley"; and (3) "failed to use ordinary care in the hiring, training, supervising, monitoring, dispatching, and retention of Defendant Crossley." Doc. #1, PageID#6. Claim Two also alleges that Praxair was negligent *per se* because it violated 49 C.F.R. § 390.11, by failing to require Crossley to comply with certain federal regulations. *Id.*

Defendants maintain that these allegations fail to state a claim upon which relief may be granted. They urge dismissal under Federal Rule of Civil Procedure 12(b)(6).

As Chief Magistrate Judge Ovington noted in her Report and Recommendations, in order to survive a 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level."
*Twombly*, 550 U.S. at 555-56.  Unless the facts alleged show that the plaintiffs'
claim crosses "the line from conceivable to plausible, their complaint must be
dismissed."  *Id.* at 570.  Although this standard does not require "detailed factual
allegations," it does require "more than labels and conclusions" or "a formulaic
recitation of the elements of a cause of action."  *Id.* at 555.  Legal conclusions
"must be supported by factual allegations" that give rise to an inference that the
defendant is, in fact, liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 679.
"Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with
nothing more than conclusions."  *Id.* at 678-79.

In her Report and Recommendations, Chief Magistrate Judge Ovington found
that Plaintiffs' allegations were sufficient to put Defendants on notice of the
factual grounds for the claims asserted.  She also found that Plaintiffs had stated
plausible claims of negligence and negligence *per se* against Praxair.  Defendants
object to these findings.

The Court turns first to the negligent entrustment claim.  Plaintiffs allege
that Praxair "knew or should have known that Defendant Crossley was not
competent or fit to operate its commercial motor vehicle."  Doc. #1, PageID#6.
Chief Magistrate Judge Ovington found that Crossley's incompetence could be
inferred from the facts of the accident, as alleged by Plaintiffs.  Crossley allegedly
"failed to maintain an assured clear distance ahead and crashed with great force

4

into the rear" of the tractor semi-trailer being driven by Jones, causing Crossley's tractor semi-tanker to leave the road, roll over, and catch fire. *Id.* at PageID##2-3.

As Defendants point out, this allegation may give rise to an inference that "Crossley, at a discrete point in time *after being entrusted with the vehicle*," was negligent. Doc. #28, PageID#302. However, this does not necessarily mean that Crossley was, in fact, "incompetent" at the time Praxair entrusted him with the truck. *See Boyd v. Smith*, No. 2:12-cv-814, 2014 WL 1050080, at *6 (S.D. Ohio March 14, 2014) (holding that, despite employee's negligence, the negligent entrustment claim against the employer failed for lack of evidence of prior accidents).

Actual or constructive knowledge of the "driver's incompetence, inexperience or reckless tendency as an operator" is one of the elements of a negligent entrustment claim. *See Arnieri v. Cornhoff*, No. 1:11-cv-1897, 2012 WL 5334734, at *5 (N.D. Ohio Oct. 26, 2012). Plaintiffs' Complaint, however, contains no factual allegations to support a finding that, when Praxair entrusted Crossley with the tractor semi-tanker, it knew or should have known that he was an incompetent driver. For example, the Complaint does not allege that Crossley had a history of accidents or moving violations, or had a history of drug or alcohol abuse. The Court agrees with Defendants that Plaintiffs' conclusory allegation that Praxair knew or should have known of Crossley's incompetence is insufficient to state a claim of negligent entrustment.

In holding to the contrary, Chief Magistrate Judge Ovington relied on language from *Iqbal* and *Twombly*, in which the Supreme Court held that an "obvious alternative explanation" for the defendant's conduct may render a claim implausible. *See Twombly*, 550 U.S. at 567-68; *Iqbal*, 556 U.S. at 682. She concluded that Plaintiffs had stated a plausible claim of negligent entrustment because "the obvious alternative explanation," *i.e.*, that Praxair "had no reason to believe Defendant Crossley was not a competent or fit commercial truck operator," was no more likely than Plaintiffs' theory that Praxair did have a reason to so believe. Doc. #27, PageID#288.

The Court agrees with Defendants that this legal analysis is flawed. Praxair's argument, that it had no reason to believe that Crossley was an incompetent driver, is simply a denial of Plaintiffs' allegation to the contrary. It is not an "obvious alternative explanation," as that term was used in *Iqbal* and *Twombly*.

In *Iqbal*, plaintiffs alleged that the government arrested and detained thousands of Arab Muslim men as part of its investigation into the events of 9/11, purposely designating them as persons of interest because of their race, religion or national origin. The Court, however, found that the "obvious alternative explanation" for the alleged discrimination was the non-discriminatory need to detain illegal aliens with potential ties to terrorists. 556 U.S. at 681-82. *Twombly* involved an alleged conspiracy in restraint of trade by Incumbent Local Exchange Carriers ("ILECs"), who had refrained from competing against each other in their

6

respective geographical regions, even after the law was amended to allow them to do so.  The court found that this was "not suggestive of conspiracy."  The "obvious alternative explanation" was that, at that time, "monopoly was the norm in telecommunications," the system had worked well, and the ILECs "would see their best interests in keeping to their old turf."  550 U.S. at 567-68.

Notably, *Iqbal* and *Twombly* dealt with claims of *intentional* conduct for which there was an "obvious alternative explanation."  In this case, however, Plaintiffs allege that Praxair was *negligent* in entrusting its truck to Crossley, and in hiring, supervising and retaining him as a driver.  In the Court's view, it would be rather odd to consider whether there is an "obvious alternative explanation" for negligent conduct.

"A complaint that includes only conclusory allegations . . . without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 681-83).  For the reasons set forth above, the Court finds that Plaintiffs have failed to state a plausible claim of negligent entrustment.

Plaintiffs next allege that Praxair "failed to use ordinary care in the maintenance and repair of its commercial motor vehicle driven by Crossley."  Doc. #1, PageID#6.  Chief Magistrate Judge Ovington's Report and Recommendation does not specifically address this conclusory allegation.  However, the Court finds that this allegation, unsupported by any factual allegations that faulty brakes or

some other mechanical defect contributed in any way to the cause of the accident, is insufficient to state a plausible claim of negligence against Praxair.

Plaintiffs next allege that Praxair "failed to use ordinary care in the hiring, training, supervising, monitoring, dispatching, and retention of Defendant Crossley." *Id.* As with a claim of negligent entrustment, such claims require proof of an employee's incompetence, and the employer's actual or constructive knowledge of that incompetence. *Cooke v. Montgomery Cty.*, 158 Ohio App.3d 139, 2004-Ohio-3780, 814 N.E.2d 505, ¶¶22-23. As noted earlier, the Complaint is completely devoid of any factual allegations to support any such findings.

Chief Magistrate Judge Ovington impliedly acknowledged the conclusory nature of these allegations, but noted that all information about Crossley's "driving record, training and experience, plus information about how many days and hours Defendant Praxair required him to drive, and how long he had been driving at the time of the 2:30 a.m. crash" was in Praxair's possession and control. Doc. #27, PageID#289.

A lack of access to evidence, however, does not excuse the insufficiency of the allegations. Absent factual allegations to support their claims of negligent hiring, training, supervising, monitoring, dispatching and retention, Plaintiffs' claims are subject to dismissal. Plaintiffs are not entitled to conduct post-filing discovery to uncover the facts necessary to support a cause of action. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

Finally, Plaintiffs allege that Praxair was negligent *per se* in that it failed to comply with the specific legal duties contained in 49 C.F.R. § 390.11. Doc. #1, PageID#6. That regulation states, in relevant part, "[w]henever in part 325 of subchapter A or in this subchapter [subchapter B] a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition." 49 C.F.R. § 390.11.

It appears that this claim against Praxair is tied to the negligence *per se* claim against Crossley asserted in Claim One, wherein Plaintiffs alleged that Crossley "[f]ailed to comply with the specific legal duties contained in 49 Code of Federal Regulations Section 392.3, *Ill or fatigued operator*," and "[f]ailed to comply with the specific legal duties contained in 49 Code of Federal Regulations Section 395.3, *Maximum driving time for property-carrying vehicles*." Doc. #1, PageID##5-6. Because both of these regulations are contained in Subchapter B of Title 49, it appears that Praxair has a duty to require its drivers to comply with these regulations. *See* 49 C.F.R. § 390.11.

Again, the Report and Recommendations do not address the sufficiency of this particular allegation. Nevertheless, any claim that Crossley was ill or fatigued, or that he had exceeded the maximum allowable driving times, when the accident occurred, appears to be based purely on speculation. The Complaint is devoid of any factual allegations to support any such findings. Accordingly, the Court finds that Plaintiffs have failed to state a plausible claim of negligence *per se* against Praxair.

To summarize, the Court sustains Defendants' objections to Chief Magistrate Judge Ovington's Report and Recommendations with respect to Claim Two.  The Court rejects that portion of the Report and Recommendations, and dismisses Claim Two without prejudice.[1]

## II.     Striking of Paragraph 9

Paragraph 9 of the Complaint alleges that "Defendant Praxair has a commercial motor fleet of approximately 625 power units (tractors), approximately 746 commercial vehicle drivers, and its trucks traveled 44,880,071 miles in 2014."  Doc. #1, PageID#2.  Citing Federal Rule of Civil Procedure 12(f), Defendants ask that this paragraph be stricken from the Complaint.  Rule 12(f) permits the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading.

Chief Magistrate Judge Ovington noted that motions to strike are typically viewed with disfavor, and recommended that the Court deny Defendants' motion. She found that the allegation was not redundant, impertinent or scandalous, as those terms are used in Rule 12(f).  She also found that the allegation was not immaterial; it added "some perspective about the scope of Defendant Praxair's business and its status as an employer of commercial truck drivers."  Doc. #27, PageID##291-92.

---

[1]   Plaintiffs may seek leave to file an amended complaint curing the identified deficiencies, if they can do so within the strictures of Federal Rule of Civil Procedure 11.

Defendants object to the second finding, arguing that the statistics cited are entirely irrelevant to the questions of whether Crossley was negligent, and whether Praxair should be held vicariously liable. They further argue that these statistics will serve to inflame the jury. Facts contained in the Complaint typically do not go to the jury. Nevertheless, in the Court's view, the statistics at issue would be relevant only to a claim for punitive damages against Praxair. Given that the Court has dismissed that claim without prejudice, the Court agrees that the statistics are immaterial to the remaining claims. For this reason, the Court sustains Defendants' Objection to this portion of the Report and Recommendations, and will strike Paragraph 9 from the Complaint.

## III.  Conclusion

The Court SUSTAINS Defendants Praxair, Inc.'s and Anthony W. Crossley's Objections to Magistrate's Report and Recommendations (Doc. #28). The Court ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Report and Recommendations (Doc. #27), and SUSTAINS Defendants' Motion to Dismiss the Complaint in Part and to Strike Certain Paragraphs Therefrom (Doc. #6).

More specifically, Claim Two, asserting claims of negligence and negligence *per se* against Defendant Praxair, is DISMISSED WITHOUT PREJUDICE. Claim Four, asserting a claim for punitive damages against both Defendants, is DISMISSED WITHOUT PREJUDICE to renewal as a possible remedy, if warranted. Paragraphs 6, 7 and 9 are STRICKEN from the Complaint.

Date: June 27, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE